IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 20-cr-1901 MV

ADOLPHO GRIEGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Adolpho Griego's Motion for Appoint[ment] of Counsel [Doc. 208] and Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 [Doc. 209]. The Court, having considered the Motions and relevant law, finds that the Motions are not well-taken and will be denied.

**BACKGROUND**

On March 7, 2022, Mr. Griego pled guilty to Count 5 of a nine-count Indictment charging him with possession with intent to distribute 500 grams and more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2. The Presentence Investigation Report ("PSR"), to which neither party objected and which was adopted by the Court at sentencing, calculated a total offense level of 33 and a criminal history category of VI, resulting in a guideline imprisonment range of 235 to 293 months. Doc. 135. In calculating his criminal history, Probation assigned 20 criminal history points based on seven prior felony convictions. *Id.* At the February 13, 2024, sentencing

hearing, the Court varied downward and imposed a term of imprisonment of 120 months. Doc. 173.

Mr. Griego now requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and asks the Court to appoint counsel to assist him with this request. The government opposes any sentence reduction. Mr. Griego's motions are now before the Court for decision.

## DISCUSSION

Mr. Griego asks for a sentence reduction pursuant to § 3582(c)(2), which authorizes a district court "to reduce an otherwise final sentence that is based on [an] amended provision" as to which the Sentencing Commission has made the amendment retroactive. *Dillon v. United States*, 560 U.S. 817, 821 (2010). Here, Mr. Griego bases his request for a sentence reduction on the status point provision in U.S.S.G. § 4A1.1, as amended by the Sentencing Commission's Amendment 821, and the zero-point offender adjustment, which was added to the guidelines via Amendment 821 and is set forth in U.S.C.G. § 4C1.1. As the government argues, Mr. Griego is not entitled to a sentence reduction based on either of these guideline provisions.

First, under § 4A.1.1, a defendant who has seven or more criminal history points *and* committed the offense of conviction while under "any criminal justice sentence" is assigned "status" points. The amendment to this provision, which is retroactive, reduced the number of such status points from two to one. Here, however, Mr. Griego was not assigned any status points, as he was not under a criminal justice sentence when he committed the offense of conviction. Accordingly, because Mr. Griego was not assigned status points under on § 4A1.1 before it was amended, the amendment to this provision does not apply to his sentence and thus cannot work to reduce it. The assistance of counsel would not change this result.

Next, under § 4C1.1, if a defendant has no criminal history points and meets ten addition criteria listed in § 4C1.1(a)(1)(1), then the offense level is reduced by two levels. Here, however, Mr. Grego was assigned 20 criminal history points. According, he is not a zero-point offender with no criminal history. As such, he is not eligible for the two-level reduction under § 4C1.1. Again, the assistance of counsel would not change this result.

## CONCLUSION

Because Mr. Griego was not assigned any status points for committing the offense of conviction while under a criminal justice sentence, and because Mr. Griego is not an offender with zero criminal history points, he is not eligible for a § 3582(c)(2) sentence reduction pursuant to the § 4A1.1, as amended, or pursuant to § 4C1.1, as added to the guidelines. As Mr. Griego is clearly ineligible for the relief he requests, the Court finds that appointment of counsel is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant Adolpho Griego's Motion for Appoint[ment] of Counsel [Doc. 208] and Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 [Doc. 209] are **DENIED**.

DATED this 7th day of October, 2025.

_____
MARTHA VAZQUEZ
Senior United States District Judge